UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DE'VONN WEBB,<br><br>Plaintiff,<br><br>v.<br><br>C.E. DUCART, et al.,<br><br>Defendants. | Case No. 17-cv-00330-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at Centinela State Prison, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## ANALYSIS

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

According to the complaint, from June 2015 to January 2016, while incarcerated at PBSP, defendants failed to treat plaintiff for his Graves Disease. As a result, plaintiff suffered extreme weight loss and body aches. Plaintiff was also placed in Administrative Segregation, where he was misdiagnosed by psychiatric and medical staff.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs. He names the following individuals as defendants: PBSP Wardens Ducart and Barnes, Adam Nancy, M.D., M. Sayer, M.D., Ronn Johnson, Ph.D., David Archambault, Ph.D., and Susan Risenhoover, FNP.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if she or he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." *Id.* "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted); *see Farmer*, 511 U.S. at 835-36 & n.4 (recognizing that neither negligence nor gross negligence will constitute deliberate indifference).

Plaintiff's allegations that he suffered from Graves Disease, which went untreated and/or misdiagnosed, establish that he had a serious medical need. However, the complaint does not sufficiently link any named defendant to this claim. Plaintiff's vague and conclusory allegations regarding the failure to provide medical treatment amount, at most, to negligence, which is insufficient to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106 (negligence in treating medical condition does not state valid Eighth Amendment claim). Therefore, the Eighth Amendment claim is dismissed. Dismissal is with leave to amend for plaintiff to add allegations that show defendants knew about plaintiff's serious medical need and deliberately prevented plaintiff from receiving medical care or failed to treat his serious medical need. In his amended complaint, plaintiff must link one or more defendants to this claim by stating what each proposed defendant did or failed to do that caused a violation of his constitutional rights.

With respect to named defendants Ducart and Barnes, plaintiff has indicated that he named these individuals as defendants because they hired or contracted out the medical staff defendants. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d

1  991, 1003-04 (9th Cir. 2012).  Plaintiff is given leave to amend to add such allegations, if he
2  truthfully can do so.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Within **thirty (30)** days from the date of this order, plaintiff must file an amended complaint to cure the deficiencies noted above, if he truthfully can do so.  Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 17-0330 HSG (PR), and the heading "AMENDED COMPLAINT."  **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 3/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4