UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD DE'VONN WEBB,

    Plaintiff,

v.

C.E. DUCART, et al.,

    Defendants.

Case No. 17-cv-00330-HSG (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at Centinela State Prison, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Plaintiff alleged claims for deliberate indifference to serious medical needs against five medical staff defendants as well as PBSP Warden Ducart and Acting Warden Barnes. The Court identified various deficiencies in plaintiff's complaint and dismissed it with leave to amend. Plaintiff has filed an amended complaint in which he names only one defendant—PBSP Nurse Sue Risenhoover. The amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his amended complaint, plaintiff alleges that, from June 2015 to January 2016, Nurse Risenhoover failed to properly diagnose plaintiff's Graves Disease. Despite plaintiff's weight loss and body aches, Nurse Risenhoover diagnosed plaintiff with a psychiatric condition and treated him within the California Department of Corrections and Rehabilitation's Mental Health Delivery System. In January 2016, plaintiff was transferred to Centinela State Prison, and he was properly diagnosed within days.

Although regrettable, plaintiff's allegations that Nurse Risenhoover misdiagnosed him amount to no more than a claim for negligence or gross negligence. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, *see Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501

U.S. 294, 302 (1991). The amended complaint, like the original complaint fails to satisfy the subjective prong of an Eighth Amendment claim in that it does not allege facts suggestive of deliberate indifference by prison officials to a known risk to plaintiff's health or safety. There is no indication that the omissions at issue were intentional or anything more than isolated occurrences of negligence or gross negligence by PBSP staff. This may be enough for plaintiff to pursue a negligence claim in state court, but it is not enough to state a deliberate indifference claim under § 1983 in federal court.

Accordingly, the action must be dismissed for failure to state a federal claim. Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleadings, and he has been unable to correct them. However, the dismissal is without prejudice to re-filing in state court based on an alleged violation of state law.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's motion for leave to proceed in forma pauperis ("IFP") is DENIED as moot because he has already been granted IFP status. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 9/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge